UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:10CR212-T27EAJ

BRIAN MATTY HAGEN

18 U.S.C. § 1344
18 U.S.C. § 982(a)(2) - Forfeiture

INFORMATION

The United States Attorney charges:

COUNT ONE

A. Introduction

At all times relevant to this Information:

1. The defendant, BRIAN MATTY HAGEN, lived and worked in the Middle District of Florida. HAGEN was an employee of Bank of America, N.A. working in a customer call center. His job entailed responding to telephone calls from Bank of America customers who had questions about their accounts. In this capacity, Hagen had access to protected account and customer information, including account numbers, dates of birth, security codes, verbal passwords, social security numbers, tax ID numbers, and addresses of account holders, among other things.

2. Bank of America, N.A. is a national banking association and a financial institution as defined by 18 U.S.C. § 20; that is, Bank of America is an insured depository institution with deposits insured by the Federal Deposit Insurance Corporation.

### B. The Scheme to Defraud

3. Beginning in and around September 2009, and continuing until on or about April 7, 2010, in the Middle District of Florida, and elsewhere,

**BRIAN MATTY HAGEN**

the defendant herein, devised and participated in a scheme and artifice to defraud Bank of America, a financial institution the deposits of which were insured by the FDIC, and attempted to obtain moneys and funds owned by and under the custody and control of Bank of America by means of false and fraudulent pretenses and representations.

### C. Manner and Means

4. It was part of the scheme to defraud that the defendant, BRIAN MATTY HAGEN, would and did record identifying personal and account information from customers of Bank of America who called into the Bank of America call center seeking assistance with their accounts. This information included but was not limited to account numbers, dates of birth, security codes, verbal passwords, social security numbers, tax ID numbers, and addresses of account holders.

5. It was further part of the scheme to defraud that the defendant, BRIAN MATTY HAGEN, recorded the protected personal and account information for account holders with more than $100,000 in their accounts.

6. It was further part of the scheme to defraud that the defendant, BRIAN MATTY HAGEN, would and did sell this protected personal and account information to another individual whom Hagen believed would use the information to fraudulently acquire funds from the compromised accounts.

7.   It was further a part of the scheme to defraud that the defendant, BRIAN MATTY HAGEN, would and did request to receive 25% of any monies stolen from customer accounts, and in fact received $2500 in funds he believed had been stolen from accounts for which he provided the protected personal and account information.

### D. Execution of the Scheme

8.   On or about March 11, 2010, in the Middle District of Florida, the defendant, BRIAN MATTY HAGEN, provided an individual with private account information, including the account holder's name, account number, date of birth, address, other accounts held, the length of time the account had been open, and the account balances for Bank of America customer E.H.S. with an account balance of approximately $444,736.45.

All in violation of Title 18, United States Code, Section 1344.

### FORFEITURE

1.   The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Section 982(a)(2).

2.   From his engagement in any or all of the violations alleged in Count One of this Information, involving bank fraud, in violation of Title 18, United States Code, Section 1344, the defendant,

BRIAN MATTY HAGEN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), all of his right, title, and interest in any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such violations, including, but not limited to, a $2,500.00 forfeiture money judgment representing the proceeds of the offense described in Count One of this Information.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, sold to or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A. BRIAN ALBRITTON
United States Attorney

By: _____
AMANDA L. RIEDEL
Assistant United States Attorney

By: _____
ROBERT T. MONK
Assistant United States Attorney
Deputy Chief, Economic Crimes Section